IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HOWARD PENCE,§<br>§<br>Plaintiff,§<br>v.§<br>§<br>RICKY STOVER, ET AL.,§<br>§<br>Defendants.§<br>§<br>§ | CIVIL ACTION NO. 4:22-CV-00433-SDJ-AGD |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Plaintiff Howard Pence's Opposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), (Dkt. #18), and Defendant Texas Land & Lakes LLC's Motion for Leave to File Attorneys' Fees Evidence (Dkt. #25). The court recommends that Pence's claims be dismissed without prejudice. The court further recommends that Texas Land's Motion for Leave to File Attorneys' Fees Evidence be granted. The court finally recommends that Texas Land be awarded attorneys' fees in the amount of $18,500.

**BACKGROUND**

*Factual History*

In early 2022, Defendant ("Stover"), as sales manager for Texas Land & Lakes LLC ("Texas Land"), contacted Plaintiff ("Pence") regarding the purchase and sale of several real estate properties (Dkt. #10 at 2). Between March 4 and March 28, 2022, Stover and Pence entered into four Joint Venture Agreements to purchase real property (Dkt. #10 at 2–5). Pence subsequently issued payments for each investment (Dkt. #10 at 5). Texas Land held the payments in escrow until the sale, when it distributed the payments to Stover (Dkt. #10 at 5). After receiving the

payments, Stover informed Pence that he could not close on two of the four transactions but did not return the investment funds to Pence (Dkt. #10 at 5). On April 13, 2022, Pence sent Stover a demand letter for the $932,000 due on the two outstanding transactions (Dkt. #10 at 5). Stover never responded to the letter or returned the investment funds (Dkt. #10 at 5).

*Procedural History*

On May 20, 2022, Pence filed his Original Complaint against Stover (Dkt. #1). Pence is suing Stover for breach of contract and fraud in connection with the Joint Venture Agreements (Dkt. #10 at 4–7). On October 10, 2022, Pence filed his Amended Complaint, adding Texas Land as a defendant (Dkt. #10). Pence is suing Texas Land for vicarious liability and negligent hiring and supervision of Stover (Dkt. #10 at 1). On November 17, 2022, Texas Land answered and filed a cross-claim against Stover (Dkt. #12). Stover has not yet appeared in this case (Dkt. #18 at 2).

*Pence's Motion to Dismiss*

Pence's Original Complaint indicated that the Parties were diverse; Pence is a citizen of California, and Texas Land and Stover are residents of Texas (Dkt. #18 at 1–2). However, according to Pence, Pence's counsel was recently made aware that Pence was acting as an agent for the real party in interest, his brother, Hunter Pence (Dkt. #18 at 5). Like Stover and Texas Land, Hunter Pence is a citizen of Texas (Dkt. #18 at 1–2). Thus, on January 13, 2023, Pence filed his Opposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2) for lack of jurisdiction (Dkt. #18).

On January 23, 2023, Texas Land responded to Pence's Opposed Motion to Dismiss (Dkt. #19). Texas Land's response did not deny that the Parties lacked diversity but requested that the court condition dismissal on Pence paying Texas Land's attorneys' fees in connection with the federal litigation thus far (Dkt. #19 at 1). On January 23, 2023, Pence replied to the response (Dkt. #20). Additionally, on January 27, 2023, Texas Land filed its Motion for Leave to File Attorneys'

Fees Evidence (Dkt. #25). Pence responded to the motion on February 3, 2023, (Dkt. #27), and Texas Land replied to the response three days later (Dkt. #28). On February 24, 2023, Texas Land filed its Notice of Agreement for Submission of Attorneys' Fee Request (Dkt. #31). In their agreement, the Parties stated the following:

> Following the hearing on Monday afternoon, the parties have conferred in an attempt to reach an agreement on the amount of attorneys' fees, if any, to be paid to Defendant Texas Land and Lakes in connection with Plaintiff's Motion to Dismiss. We were unable to reach an agreement. In the parties' discussions, Texas Land and Lakes proposed a reduction of the amount of attorneys' fees to $22,000 (from $27,000), and Plaintiff Howard Pence proposed $15,000 (from $10,750). Both positions are "best and final" offers at this point.
>
> In Monday's hearing, Mr. Russell proposed that, in the event an agreement was not reached, the parties would inform the Court of their positions and, in lieu of another hearing, would await the Court's determination on whether to award any fees, and if so, the amount of attorneys' fees to be paid by Plaintiff Howard Pence to Defendant Texas Land and Lakes, as a condition to the Court's granting Plaintiff's motion to dismiss. Mr. Russell and I are both agreeable to that approach, if it is acceptable to the Court.

(Dkt. #31, Exhibit 1 at 2).

## LEGAL STANDARD

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Indeed, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under the federal rules, the court must dismiss the case if there is no subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). Broadly, a federal court has subject matter jurisdiction over cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A federal court also has subject matter jurisdiction over cases where the parties are completely diverse and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. For complete diversity to exist, every

plaintiff must be a citizen of a different state than each defendant. *The Lamar Co.*, *L.L.C.*, 976 F.3d at 530.

In addition to subject matter jurisdiction, each party to the federal suit must be a "real party in interest." FED. R. CIV. P. 17(a)(1). Thus, when determining diversity jurisdiction, courts will "disregard nominal or formal parties and rest jurisdiction upon the citizenship of real parties to the controversy." *Bynane v. Bank of N.Y. Mellon, et al.*, 866 F.3d 351, 356 (5th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). However, the real party to the controversy inquiry does not require the court to analyze a non-party's citizenship who merely has an interest in the outcome of the litigation. *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 865 n.10 (5th Cir. 2003). Instead, the court will consider the citizenship of a non-party when a party before the court is not the real party to the controversy and is "found to be a non-stake holder/agent only suing on behalf of another." *Id.* In other words, the court will consider the principal's citizenship, not the agent's. *Id.*

## ANALYSIS

In this case, the court does not have subject matter jurisdiction because Texas Land and Hunter Pence are both citizens of Texas, and the Parties' claims do not arise under federal law. As such, the court recommends dismissal of this case.

### *The Parties do not have subject matter jurisdiction.*

As noted above, federal jurisdiction arises when the case involves a federal question or when the parties are diverse. 28 U.S.C. §§ 1331–32. Here, none of Pence's claims against either defendant arise under federal law (Dkt. #10 at 5–9). While Pence filed this lawsuit in federal court on diversity of citizenship grounds, (Dkt. #10 at 1), his counsel recently learned that Pence was acting as an agent on behalf of his brother, Hunter (Dkt. #18 at 2). Thus, Hunter, not Pence, is the

real party in interest. *See Corfield*, 355 F.3d at 865 n.10. As such, the court must use Hunter's citizenship for the diversity analysis. *See Bynane*, 866 F.3d at 356. Because Hunter, Texas Land, and Stover are all citizens of Texas, the Parties are not diverse.

Because the court lacks subject matter jurisdiction, the court must dismiss Pence's claims and Texas Land's cross-claim. FED. R. CIV. P. 12(h)(3). Accordingly, the court recommends that Pence's Rule 41(a)(2) motion should be granted.

### *Texas Land's request for attorneys' fees*

The court notes that Texas Land did not oppose Pence's motion to dismiss for lack of diversity jurisdiction on substantive grounds. Rather, Texas Land's opposition was predicated on the fact that it was seeking an award of attorneys' fees as a condition of the dismissal of Pence's federal lawsuit. Texas Land sought leave of court to file evidence in support of its request for attorneys' fees (Dkt. #25), which the court recommends that the same should be granted.

The court notes that after engaging in discussions about Texas Land's request for attorneys' fees for work done in this action that will not assist in the eventual state court litigation, the Parties appear to agree that Texas Land should receive an award of attorneys' fees. However, the Parties dispute the amount.[1] After the Parties conferred, Pence is of the opinion that $15,000 (up from $10,750) is an appropriate attorneys' fee award, while Texas Land is of the opinion that $22,000 (down from $27,000) is an appropriate attorneys' fee award.

Given that the Parties have already engaged in negotiations about the appropriate attorneys' fee award, a review of each invoice submitted by Texas Land is not warranted, as the court has not been advised as to which invoices were affected by the negotiations. And, since the Parties have

---

[1] Although the Parties state that the Parties conferred in an attempt to reach an agreement on attorneys' fees, if any, the court concludes that in light of Pence's offer to pay some award of attorneys' fees, the issue before the court is not if attorneys' fees should be awarded, but, rather, how much should be awarded.

requested that the court determine the appropriate amount of attorneys' fees without further hearing if the court is inclined to award attorneys' fees, the court recommends that Pence should pay Texas Land $18,500 in reasonable attorneys' fees.

## CONCLUSION AND RECOMMENDATION

The court recommends that Pence's Opposed Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2) for lack of subject matter jurisdiction (Dkt. #18) be **GRANTED**. The court further recommends that Texas Land's Motion for Leave to File Attorneys' Fees Evidence (Dkt. #25) be **GRANTED**. The court further recommends that Howard Pence's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The court further recommends that Texas Land's cross-claim be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Finally, the court recommends that Texas Land be awarded reasonable attorneys' fees in the amount of $18,500.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile*

*Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

  **SIGNED this 13th day of September, 2023.**

             _____
              AILEEN GOLDMAN DURRETT
              UNITED STATES MAGISTRATE JUDGE